UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY JENNINGS-MOLINE,<br><br>Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.; DEPUY PRODUCTS, INC.; DEPUY INTERNATIONAL LIMITED; JOHNSON & JOHNSON COMPANY; and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Case No. 2:23-cv-00031-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT DEFENSE EXPERT OPINIONS** |

Pending before the Court is Plaintiff Terry Jennings-Moline's Motion to Exclude or Limit Defense Expert Opinions with Memorandum in Support (Dkt. 31). Jennings-Moline seeks to limit Defendants' experts' testimony to that testimony timely disclosed in Defendants' expert disclosures. The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court grants Jennings-Moline's motion.

## I. BACKGROUND

In January 2016, Terry Jennings-Moline underwent hip surgery, and Dr. Douglas McInnis implanted a Pinnacle hip implant that included an AltrX polyethene acetabular liner (AltrX liner). (Dkt. 4 at ¶ 2.3). In February 2018, Dr. McInnis performed a revision hip surgery on Jennings-Moline. (*Id.* at ¶¶ 2.4, 2.5). Dr. McInnis concluded the AltrX liner dissociated, and he replaced the liner within the existing hip implant hardware. (*Id.* at ¶ 2.5).

In April 2019, Jennings-Moline filed this action in state court against Defendants, alleging numerous claims based on the AltrX liner's dissociation and the resulting revision surgery, and

Defendants removed the action to federal court. (*See* Dkt. 4). Thereafter, in August 2019, Jennings-Moline underwent a second revision surgery. (Dkt. 33-1 at p. 11). During this surgery, the liner was replaced with a liner manufactured by another company. (*Id.*).

In February 2020, the United States Judicial Panel on Multidistrict Litigation transferred this action under 28 U.S.C. § 1407 to the Northern District of Texas for inclusion in the coordinated or consolidated pretrial proceedings for the Pinnacle hip implant products liability litigation. (Dkt. 15). *See In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-CV-1941-K, 2019 WL 13193930, at *1 (N.D. Tex. Jan. 10, 2019). In January 2023, the Panel remanded the action back to the District of Idaho. (*See* Dkts. 50, 51). Before the remand, Jennings-Moline filed the instant motion, seeking to exclude or limit certain expert opinions. (Dkt. 31).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides parties must disclose expert testimony "at the times and in the sequence that the court orders." When a party fails to disclose expert testimony in compliance with Rule 26, Rule 37 provides "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In effect, Rule 37 "gives teeth" to Rule 26's expert witness disclosure requirements by forbidding the use of such information at trial if not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *accord Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2583 (2023).

## III.  ANALYSIS

Jennings-Moline moves to limit or exclude any expert testimony not contained in the experts' disclosed reports and to limit or exclude any expert testimony by any expert not disclosed by the Court's deadline for disclosure. (Dkt. 31 at p. 1).

Defendants' disclosure of witnesses identified twelve retained or specially employed expert witnesses. (Dkt. 31-1 at pp. 3-5). For each witness, Defendants indicated whether the witness previously set forth a report and/or whether the witness will later issue a case-specific report. (*Id.* at pp. 3-5 n.1-12). Defendants stated the opinions of seven witnesses are set forth in prior reports submitted in other cases. (*Id.* at pp. 3-5). For four witnesses, Defendants stated that these witness opinions are set forth in prior reports and that each of the four may also provide a

case-specific report. (*Id.*). For one witness, Defendants do not provide any report but state the witness "will issue a case-specific report." (*Id.* at p. 5 n.8).

Jennings-Moline argues any witnesses who Defendants stated may issue a case-specific report should be limited to only their prior reports or should be excluded in full if no report was disclosed. (Dkt. 31 at p. 4). In response, Defendants state they "do not intend to designate a case-specific expert" in Jennings-Moline's case. (Dkt. 40 at p. 1). Further, Defendants acknowledge their expert disclosures and reports were due November 7, 2022. (Dkt. 40 at p. 2). Accordingly, the Court grants Jennings-Moline's motion to limit the expert opinions of Drs. Campbell, Nelson, Carstairs, and Crowninshield to their opinions expressed in the disclosed reports. The Court likewise grants Jennings-Moline's motion to exclude the opinion of Dr. Embramzadeh because no report regarding his opinions was disclosed. (*See* Dkt. 31-1 at p. 5 n.8). Defendants will not be permitted to use any expert testimony not timely disclosed by November 7, 2022. Fed. R. Civ. P. 37(c)(1).

## IV. ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Exclude or Limit Defense Expert Opinions with Memorandum of Support (Dkt. 31) is **GRANTED**.

DATED: January 23, 2024

Amanda K. Brailsford
U.S. District Court Judge