UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRY JENNINGS-MOLINE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC.; DEPUY PRODUCTS, INC.; DEPUY INTERNATIONAL LIMITED; JOHNSON & JOHNSON COMPANY; and JOHNSON & JOHNSON SERVICES, INC.,<br><br>    Defendants. | Case No. 2:23-cv-00031-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO EXCLUDE OR LIMIT NON-RETAINED EXPERT WITNESS TESTIMONY** |

Pending before the Court is Plaintiff Terry Jennings-Moline's Motion and Memorandum in Support of Her Motion to Exclude or Limit Non-Retained Expert Witness Testimony (Dkt. 32). First, Jennings-Moline seeks to exclude the testimony of three non-retained expert witnesses because Jennings-Moline contends these experts should have provided written reports under Federal Rule of Civil Procedure 26(a)(2)(B). (Dkt. 32 at p. 2). Second, Jennings-Moline seeks to limit or exclude the testimony of twenty-nine, non-retained expert witnesses, who have worked for Defendants. The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). The Court grants in part and denies in part Jennings-Moline's motion.

## I. BACKGROUND

In January 2016, Terry Jennings-Moline underwent hip surgery, and Dr. Douglas McInnis implanted a Pinnacle hip implant that included an AltrX polyethene acetabular liner (AltrX liner).

**MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTIONS TO EXCLUDE OR LIMIT NON-RETAINED EXPERT WITNESS TESTIMONY - 1**

(Dkt. 4 at ¶ 2.3).  In February 2018, Dr. McInnis performed a revision hip surgery on Jennings-Moline.  (*Id.* at ¶¶ 2.4, 2.5).  Dr. McInnis concluded the AltrX liner had dissociated and replaced the liner within the existing hip implant hardware.  (*Id.* at ¶ 2.5).

In April 2019, Jennings-Moline filed this action in state court against Defendants, alleging numerous claims based on the AltrX liner's dissociation and the resulting revision surgery, and Defendants removed the action to federal court.  (*See* Dkt. 4).  Thereafter, in August 2019, Jennings-Moline underwent a second revision surgery.  (Dkt. 33-1 at p. 11).  During this surgery, the liner was replaced with a liner manufactured by another company.  (*Id.*).

In February 2020, the United States Judicial Panel on Multidistrict Litigation transferred this action under 28 U.S.C. § 1407 to the Northern District of Texas for inclusion in the coordinated or consolidated pretrial proceedings for the Pinnacle hip implant products liability litigation.  (Dkt. 15).  *See In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-CV-1941-K, 2019 WL 13193930, at *1 (N.D. Tex. Jan. 10, 2019).  In January 2023, the Panel remanded the action back to the District of Idaho.  (*See* Dkts. 50, 51).  Before the remand, Jennings-Moline filed the instant motion before the Court.  (Dkts. 32).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides parties must disclose expert testimony "at the times and in the sequence that the court orders."  If the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the disclosure must be accompanied by a written report that details the opinions to be expressed, the facts and data considered, any exhibits to be used, the witness's qualifications, other cases where the witness served as an expert, and a statement of the witness's compensation.  Fed. R. Civ. P. 26(a)(2)(B).  If the expert is not retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness need not provide the same in-depth written report but must disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(C)(i).  Additionally, the witness must produce a "summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C)(ii).

If a party fails to provide information or identify a witness in compliance with Rule 26, Rule 37 provides "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In effect, Rule 37 "gives teeth" to Rule 26's expert witness disclosure requirements by forbidding the use of such information at trial if not properly disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *accord Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2583 (2023).

### III.  ANALYSIS

**A.    Non-Retained Experts with No Prior Employment with Defendants**

First, Jennings-Moline moves to exclude the testimony of non-retained experts Dr. Wasielewski, Dr. Kindsfater, and Mr. Hastings. (Dkt. 32 at pp. 2-6). In response, Defendants only present argument as to Dr. Wasielewski and Dr. Kindsfater. (*See* Dkt. 43 at p. 1). Therefore, as a preliminary matter, the Court construes Defendants' failure to respond as consenting to the exclusion of Mr. Hastings' testimony and grants Jennings-Moline's motion as to Mr. Hastings. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1) (noting if adverse party fails to file any response, such failure may be deemed to constitute consent to granting motion)

Regarding Drs. Wasielewski and Kindsfater, Jennings-Moline argues Defendants improperly disclosed these witnesses as non-retained witnesses to the extent their testimony is not based on their own involvement in events giving rise to the litigation. (Dkt. 32 at p. 3). Further, Jennings-Moline notes neither doctor treated her, is a current or former employee of Defendants, nor functioned as a design surgeon for the type of device at issue in this litigation. (*Id.* at p. 5). Both Jennings-Moline and Defendants rely on *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6-7 (1st Cir. 2011), to emphasize a non-retained expert may offer opinions based on his personal knowledge and observations of events giving rise to the litigation. The parties apparently dispute, however, whether Drs. Wasielewski and Kindsfater have personal knowledge of events giving rise to this particular litigation.

Defendants contend Dr. Wasielewski was a design surgeon involved in designing the Pinnacle Cup System. (Dkt. 43 at p. 3). As Jennings-Moline points out, however, Dr. Wasielewski's personal knowledge revolves around a device and components not at issue in this case. (*See* Dkt. 32-1 at pp. 70-72). Indeed, the AltrX liner, which is at issue in this case, is

not mentioned in Defendants' summary of facts and opinions to which Dr. Wasielewski is expected to testify. (*Id.* at pp. 70-72). Likewise, Defendants do not contend in their briefing that Dr. Wasielewski has personal knowledge of the AltrX liner. Given Dr. Wasielewski's detailed experience with a device and components not related to this litigation (*i.e.*, VIP taper, Pinnacle Ultamet liner, metal-on-metal hip replacements) and the lack of argument from Defendants as to whether Dr. Wasielewski has personal knowledge or experience with the AltrX liner, the Court excludes his testimony as a non-retained expert because, as presented, Dr. Wasielewski does not have any percipient involvement in the facts of this case.[1] *See United States v. Crescendo Bioscience, Inc.*, No. 16-CV-02043-TSH, 2021 WL 4129779, at *2-3 (N.D. Cal. Sept. 10, 2021); *Carr v. Cnty. of San Diego*, No. 19-CV-1139 JLS (MDD), 2021 WL 4244596, at *4 (S.D. Cal. Sept. 17, 2021).

As for Dr. Kindsfater, Defendants argue he will only offer testimony based on his personal knowledge and involvement. (Dkt. 43 at p. 6). Again, however, the AltrX liner is not mentioned in Defendants' summary of facts and opinions to which Dr. Kindsfater is expected to testify. (Dkt. 32-1 at pp. 73-75). Rather, Dr. Kindsfater's personal knowledge revolves around devices and components not related to this litigation (*i.e.*, metal-on-metal hip implants), and in their briefing, Defendants do not indicate how Dr. Kindsfater's personal involvement in the "early clinical studies of the Pinnacle Cup System" (Dkt. 43 at p. 4) is related to the alleged failure of the AltrX liner in Jennings-Moline's case. Defendants' summary of Dr. Kindsfater's expected testimony does not establish he has personal knowledge of the AltrX liner. *See Crescendo Bioscience, Inc.*, 2021 WL 4129779, at *2-3; *Carr*, 2021 WL 4244596, at *4. Accordingly, the Court excludes Dr. Kindsfater's testimony as a non-retained expert.

B.     **Non-Retained Experts with Employment History and Design Surgeons**

Jennings-Moline also seeks to limit or exclude the testimony of non-retained experts who are former employees, current employees, or design surgeons. (Dkt. 32 at pp. 6-10). In particular, Jennings-Moline requests the Court "limit the non-retained experts' testimony to only the events they have specific knowledge of which were properly disclosed." (*Id.* at p. 9). "Defendants do not dispute that any testimony by these witnesses should—and will—be limited to their personal

---

[1] The Court notes Defendants disclosed a non-retained expert who Defendants indicate has personal knowledge of and experience with the AltrX liner. (*See, e.g.*, Dkt. 32-1 at pp. 51-53).

knowledge of the events at issue in the litigation." (Dkt. 43 at p. 8). Based on Defendants' representations that these witnesses' testimony will not exceed their personal knowledge, Defendants properly designated them as non-retained witnesses, and the Court declines to exclude them. At trial, however, these witnesses' testimony will be limited to relevant matters within their personal knowledge. *See, e.g.*, *Union Pac. R.R. Co. v. Winecup Ranch, LLC*, No. 3:17-CV-00477-LRH-CLB, 2022 WL 3684696, at *3 (D. Nev. Aug. 25, 2022); *Cantu v. United States*, No. CV 14-00219 MMM (JCGx), 2015 WL 12743881, at *3-5 (C.D. Cal. Apr. 6, 2015).

## IV. ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion and Memorandum in Support of Her Motion to Exclude or Limit Non-Retained Expert Witness Testimony (Dkt. 32) is **GRANTED IN PART** and **DENIED IN PART**.

DATED: January 23, 2024

Amanda K. Brailsford
U.S. District Court Judge